UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSSI MACLIN #148084

       Plaintiff,                        Case No. 12-cv-12480
                                              HON. GERSHWIN A. DRAIN

v.

KELLY HOLDEN,
RICHARD CADY, and
LARRY MCMILLAN,

       Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING IN PART REPORT AND RECOMMENDATION [#26] GRANTING DEFENDANT MCMILLAN'S MOTION FOR SUMMARY JUDGMENT [#24], DENYING PLAINTIFF'S MOTION TO CONDUCT DISCOVERY AND TO EXTEND TIME [#25], DENYING DEFENDANT HOLDEN'S MOTION FOR SUMMARY JUDGMENT [#15], DENYING WITHOUT PREJUDICE DEFENDANT CADY'S MOTION FOR SUMMARY JUDGMENT[#12], AND ORDERING DEFENDANT CADY TO SUBMIT RESPONSE TO SUPPLEMENTAL PLEADING**

**I.    INTRODUCTION**

Before the Court is a Report and Recommendation by Magistrate Judge Mark A. Randon, dated July 11, 2013. *See* Dkt. No. 26. Magistrate Judge Randon recommends granting in part and denying in part Defendants' Motions for Summary Judgment and dismissing Defendants Richard Cady and Larry McMillan. The Court has received no timely objections to this Report and Recommendation. The Court has reviewed the Report and Recommendation and will accept the findings of Magistrate Judge Randon. However, Plaintiff filed a Notice of Retaliation and Harassment [#27] after the Report and Recommendation was issued, alleging further actions taken against him by Defendant Cady subsequent to the initial pleading. The Court chooses to

treat this as both a Motion to Provide a Supplemental Pleading and the Supplemental Pleading itself. The Court will further accept the Supplemental Pleading and require Defendant Cady to submit a response within 21 days of the issue of this order.

## II.     MAGISTRATE JUDGE'S FINDINGS

Plaintiff, an inmate at the G. Robert Cotton Correctional Facility, brought this retaliation claim against three correctional officers, alleging that the Defendants retaliated against him for writing grievances against correctional officers. Specifically, Plaintiff alleges that Defendant Holden improperly confiscated his typewriter and Defendants Cady and McMillan erased Plaintiff's grievances from the computer and conspired to deny him access to the courts.

The Magistrate Judge found that there was a material question of fact concerning the nature of Plaintiff's typewriter and the motivation for Defendant Holden's confiscation of same, and he therefore recommended that the Court deny Defendant Holden's Motion for Summary Judgment [#15].

The Magistrate Judge further found that Plaintiff suffered no injury from the alleged conspiracy to deny him access to the courts. Because the Sixth Circuit has stated that an injury must occur to the complainant before he can bring a conspiracy claim, the Magistrate Judge recommended that the Court grant Defendant Cady's and Defendant McMillan's Motions for Summary Judgment [#12][#24].

The Court reviewed the Magistrate Judge's findings with respect to Defendants Holden and McMillan, and in the absence of any timely objections, the Court accepts these findings as its own. As a result, Defendant Holden's Motion for Summary Judgment [#15] is DENIED and Defendant McMillan's Motion for Summary Judgment [#24] is GRANTED.

### III. PLAINTIFF'S NOTICE OF RETALIATION [#27]

On July 15, 2013, Plaintiff filed a "Notice of Retaliation and Harassment by Defendant Cady" [#27] before the Court, alleging that Defendant Cady has continued to retaliate against him for filing grievances against staff members. Plaintiff claims that Defendant Cady told him on July 8, 2013 that he was going to be transferred to a different housing unit because of his grievances, and later that evening Plaintiff was transferred from Housing Unit (F) to Housing Unit (A). Additionally, Plaintiff alleges that a correctional officer came into Plaintiff's living quarters and confiscated his lawfully purchased possessions. Plaintiff contends that the officer told him " 'Did'nt Cady tell your black ass to stop writing grievances on staff', we got to teach your black ass the hard way', 'that's why I took all of your property.'"

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, the Court may permit a party to submit a supplemental pleading to set out any "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Furthermore, the Court can allow this even when the original pleading to be supplemented is defective in stating a claim. *Id.* The standard for granting leave to supplement a pleading under Rule 15(d) is identical to the standard for leave to amend under Rule 15(a). *See Spies v. Voinovich*, 48 Fed. Appx. 520, 527 (6th Cir. 2002) (citation omitted).

Ordinarily, leave to amend a pleading "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Courts should demonstrate "a strong liberality… in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir. 1941). Furthermore, "[w]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is abuse of discretion to

deny [the] motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. Of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

Leave to amend should not be granted when amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile when it is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000).

The Sixth Circuit recognizes three elements to a retaliation claim:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). Plaintiff has satisfied these elements in his Notice. Plaintiff was clearly engaged in protected conduct, as he was writing grievances and he filed the instant lawsuit. Plaintiff suffered adverse action in the form of the confiscation of his possessions and his transfer to a disciplinary facility, and these actions would deter someone of ordinary firmness from continuing to engage in this protected conduct. Finally, the words Plaintiff alleged were said by the corrections officer who confiscated his belongings show a causal connection between the conduct and adverse action. Therefore, Plaintiff's supplement would survive a Rule 12(b)(6) motion and is not frivolous.

In the interest of justice, the Court will treat this Notice as a Supplemental Pleading and will permit it as such.

**IV.     CONCLUSION**

For the reasons set forth above, the Court hereby accepts the findings of Magistrate Judge Randon as its own, and ADOPTS IN PART Magistrate Judge Randon's Report and Recommendation [#26]. Defendant Holden's Motion for Summary Judgment [#15] is DENIED. Defendant McMillan's Motion for Summary Judgment [#24] is GRANTED. Plaintiff's Motion to Conduct Discovery and Respond to Defendant McMillan's Motion [#25] is DENIED. Defendant Cady's Motion for Summary Judgment [#12] is DENIED WITHOUT PREJUDICE. IT IS ORDERED that Defendant Cady respond to the supplemental pleading [#27] within 21 days of the issue of this order. Defendant McMillan is dismissed from this cause of action.

SO ORDERED.


Dated: <u>August 27, 2013</u>

<u>/s/ Gershwin A. Drain</u>
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE