UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS MACLIN, #148084,

    Plaintiff,

                                       Case No. 12-cv-12480
                                       Honorable Gershwin A. Drain

v.

KELLY HOLDEN, *et al.*,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [#71], OVERRULING DEFENDANTS' OBJECTIONS [#72], DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#60] AND SETTING STATUS CONFERENCE FOR AUGUST 24, 2015 AT 2:00 P.M.**

**I.**    **Introduction**

Plaintiff, Ross Maclin, is a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. On June 7, 2012, Plaintiff filed this 42 U.S.C. § 1983 action against various Defendants claiming they violated his First Amendment rights by retaliating against him for filing grievances against corrections officers. Specifically, Plaintiff alleges that Defendant, Assistant Resident Unit Supervisor (ARUS) Kelly Holden, improperly confiscated his typewriter when Plaintiff threatened to file a grievance against her for refusing his request for ink cartridges. Defendant Resident Unit Manager (RUM) Richard Cady presided over an

administrative hearing and concluded that Holden properly confiscated the typewriter, which was arguably contraband pursuant to prison policy. Plaintiff further claims that Cady was the impetus behind Plaintiff's transfer "up north" in retaliation for Plaintiff filing another grievance against another corrections officer.

Presently before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation, issued on June 24, 2015. Magistrate Judge Stafford recommends that the Court deny Defendants' Motion for Summary Judgment. Defendants filed objections to the Report and Recommendation on July 8, 2015, and Plaintiff filed a Reply to their objections on July 22, 2015. For the reasons that follow, the Court will overrule Defendants' objections and adopt the Report and Recommendation.

## II.   Law & Analysis

The standard of review to be employed by the Court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### A.   Objection No. 1

Defendants object to the Magistrate Judge's conclusion that Defendant Cady's decision that the typewriter was contraband should not preclude Plaintiff's retaliation claim. Contrary to the Defendants' arguments, the Magistrate Judge correctly concluded that Defendant Cady is not a "hearing officer" under *Peterson v. Johnson*, thus the "checkmate doctrine" cannot serve to bar Plaintiff's retaliation claim. 714 F.3d 905, 912 (6th Cir. 2013) ("[T]he hearing officer must be an attorney, . . . must be impartial . . . [and] must abstain from ex parte communications with the accused prisoner and the accusing Department of Corrections staff[.]")

Moreover, the Ingham County Circuit Court's decision did not conclude that the typewriter was contraband. Rather, the state court was merely tasked with determining whether Cady's decision was supported by "substantial evidence," which is defined as "more than a scintilla of evidence, [but] may be substantially less than a preponderance." This is not enough for this Court to conclude that there is no material factual dispute concerning whether the typewriter was in fact contraband. This objection is therefore overruled.

### B. Objection No. 2

Next, Defendants object to the Magistrate Judge's conclusion that Cady's decision to transfer Plaintiff to a facility in the upper peninsula was an adverse action. Cady continues to deny involvement in the decision to transfer Plaintiff, however the

Magistrate Judge correctly found that there was a question of fact on this issue. Plaintiff has presented evidence suggesting that Cady made statements of his intent to initiate a transfer as punishment for Plaintiff's grievance writing. The Court cannot rely solely on the fact that Cady's signature is not on the transfer form. This issue must be submitted to the jury. Defendants' objection is overruled.

### C.     Objection No. 3

Defendants also object to the Magistrate Judge's determination that Officer Kiser's statements do not constitute inadmissible hearsay. In support of his retaliation claim against Cady, Plaintiff has produced evidence that while shaking down his cell, Officer Kiser made statements suggesting that Cady ordered the shake down because of Plaintiff's grievance writing.

The Magistrate Judge correctly concluded that these statements fall within Rule 801(d)(2)(D) of the Federal Rules of Evidence and are not hearsay. Fed. R. Evid. 801(d)(2)(D) (A statement . . . is not hearsay . . . [if] offered against an opposing party and . . . made by the party's agent or employee on a matter within the scope of that relationship . . . ."). Defendants reliance on respondeat superior to argue that Kiser's statements are inadmissible is misplaced. Defendants offer no authority in support of their argument that the doctrine of respondeat superior controls the outcome of evidentiary disputes. This objection is overruled.

### D. Objection No. 4

Defendants maintain that they are entitled to qualified immunity contrary to the conclusions of the Magistrate Judge. This objection requires little discussion. Defendants rely on their objections and their previous briefing to argue they are entitled to qualified immunity. Here, the unresolved factual disputes between Plaintiff and Defendants prevents the Court from granting qualified immunity to Defendants *See Kostrzewa v. City of Troy*, 247 F. 3d 633, 641-42 (6th Cir. 2001); *see also, Carpenter v. Bowling*, 276 Fed. App'x 423(6th Cir. May 2, 2008). This objection is likewise without merit.

### III. Conclusion

Accordingly, Defendants' objections [#72] are OVERRULED. The Court ADOPTS Magistrate Judge Elizabeth A. Stafford's Report and Recommendation [#71]. Defendants' Motion for Summary Judgment [#60] is DENIED.

A status conference will be held in this matter on <u>August 24, 2015 at 2:00 p.m.</u>

SO ORDERED.

Dated: August 3, 2015  /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge