UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS MACLIN,

        Plaintiff,

                                  Case No. 12-cv-12480
                                  Honorable Gershwin A. Drain

v.


KELLY HOLDEN, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL AND/OR RELIEF FROM JUDGMENT [#118]

## I.      INTRODUCTION

      This matter was tried by jury in November of 2015.  On November 17, 2015, the jury returned a verdict in favor of the Defendants, Michigan Department of Corrections ("MDOC") Officers Kelly Holden and Richard Cady, on Plaintiff's First Amendment retaliation claim.  Presently before the Court is Plaintiff's Motion for New Trial and/or Relief from Judgment, filed on December 28, 2015.  This matter is fully briefed and the Court concludes that oral argument will not aid in the resolution of this matter.  Accordingly, the Court will decide the pending motion on the briefs submitted.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will

deny Plaintiff's Motion for New Trial and/or Relief from Judgment.

## II.   LAW & ANALYSIS

### A.   New Trial

Plaintiff argues that the jury's verdict was against the weight of the evidence. Plaintiff's main contention is that "Defendants and most if not all other MDOC staff testimony was not credible."   Plf.'s Mot. at 4.   Plaintiff explains at length his interpretation of what the evidence showed during the trial.   Specifically, he maintains that the evidence demonstrated he possessed his typewriter prior to his transfer to Jackson Correctional Facility and that the MDOC allows prisoners to keep typewriters that are similar to the model that was confiscated by Defendant Holden.

Rule 59 provides that a new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.   Fed. R. Civ. P. 59. Specific grounds for new trial have included: the verdict is against the weight of the evidence; the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel.   *Clark v. Esser*, 907 F. Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d

387, 414 (6th Cir. 2012).

The grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F. Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). If there is no motion for directed verdict made on the question of the sufficiency of the evidence, such is also not available as a ground for a motion for new trial. *Southern Ry. Co. v. Miller*, 285 F.2d 202, 206 (6th Cir. 1960). However, such a motion can be viewed as one claiming that the verdict was against the great weight of the evidence, which can be considered by the trial court as a motion for new trial under Rule 59. *Id.*

In considering a motion for new trial on the ground that the verdict is against the great weight of the evidence, the court cannot set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543-44 (6th Cir. 2007). The court must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight of the evidence and the jury verdict was unreasonable. *Id.* Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different

inferences or conclusions or because judges feel that other results are more reasonable. *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982).

In order to prove his retaliation claim at trial, Plaintiff was required to establish by a preponderance of the evidence that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements one and two– that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394-95 (6th Cir. 1999). "[I]f the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on" his claim. *Id.* at 399.

Plaintiff has not demonstrated he is entitled to a new trial. The jury listened to Plaintiff's, Defendants' and the other MDOC witnesses' testimonies. The jury made its decision concerning the credibility of each party's witnesses and concluded that Plaintiff did not establish his retaliation claim. There was sufficient evidence supporting the jury's verdict of no cause of action. It is the responsibility of the jury to weigh the evidence and to judge the credibility of the witnesses. The Court cannot reweigh the evidence or substitute its view of the evidence for that of the jury's when there is evidence upon which reasonable minds could differ. *Bruner*, 684 F.2d at 425.

Plaintiff is not entitled to a new trial.

### B.    Relief from Judgment

A party can be relieved from a final judgment for the following reasons under

Rule 60(b) of the Federal Rules of Civil Procedure:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The decision to relieve a party from a judgment under Rule

60(b) is committed to the sound discretion of the district court.  *Smith v. Secretary of*

*Health and Human Servs.*, 776 F.2d 1330, 1332 (6th Cir. 1985).  A motion under Rule

60(b) is not a second opportunity for the losing party to make its strongest case, to

rehash arguments, or to dress up arguments that previously failed.  *See Voelkel v. Gen.*

*Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.)  Under the catch-all provision in

subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based

upon some reason other than those stated in subsections (1) to (5).  *Smith*, 776 F.2d

at 1333.  Extraordinary circumstances are needed to grant relief under Rule 60(b)(6).

Plaintiff moves for relief from judgment pursuant to subsections (1), (3) and (6)

of Rule 60(b). Plaintiff appears to argue that the "mistake, inadvertence, surprise, or excusable neglect" that occurred during the trial that warrants relief is the jury's supposed confusion concerning the verdict form. The jury form was reviewed and approved by counsel prior to its submission to the jury. The agreed upon form had the jury analyze each specific element of a retaliation claim. The jury found that Defendant Holden did not engage in an adverse action, and while it concluded that Defendant Cady had engaged in an adverse action, it also determined that Plaintiff's protected conduct was not a substantial or motivating factor behind Cady's actions. Plaintiff does not explain with specificity how the jury was confused by the verdict form. Rather, Plaintiff continues to argue that the typewriter was not contraband and was authorized by the *Cain* agreement. However, this was not an element Plaintiff needed to prove in order to establish his retaliation claim.

As to his argument under Rule 60(b)(3), Plaintiff complains at length about his belief that both Defendants and all of the MDOC witnesses were being untruthful to the jury and the Court. He maintains that no reasonable jury could find the Defendants and MDOC witnesses' testimony credible. Plaintiff's argument is merely his view of the credibility of the witnesses who did not provide testimony in support of Plaintiff's theory of the case. Plaintiff has not shown fraud, misconduct, or misrepresentation warranting relief under Rule 60(b)(3).

Plaintiff is also not entitled to relief under Rule 60(b)(6) which requires extraordinary circumstances. Plaintiff fails to identify any extraordinary circumstances warranting relief from judgment.   Accordingly, Plaintiff has not established he is entitled to relief under Rule 60(b).  His motion will therefore be denied.

## III.   CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's Motion for New Trial and/or Relief from Judgment [#118] is DENIED.

SO ORDERED.

Dated:  March 23, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of
record on
March 23, 2016, by electronic and/or ordinary
mail.
/s/ Tanya Bankston
Deputy Clerk