UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS MACLIN,

       Plaintiff,

                                              Case No. 12-cv-12480
                                              Honorable Gershwin A. Drain
v.

KELLY HOLDEN, *et al.*,

       Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF [#116]

**I.  INTRODUCTION**

This matter was tried by jury in November of 2015. On November 17, 2015, the jury returned a verdict in favor of the Defendants, Michigan Department of Corrections ("MDOC") Officers Kelly Holden and Richard Cady, on Plaintiff's First Amendment retaliation claim. Presently before the Court is Plaintiff's Motion for Injunctive Relief Ordering Return of Typewriter/Word Processor and Facility Transfer,[1] filed on December 10, 2015. Defendants filed a Response in Opposition

---

[1] At the hearing on this matter, Plaintiff indicated that he is no longer seeking a transfer. Thus, this aspect of his present motion is waived.

on January 8, 2016. The Court held a hearing on May 9, 2016. For the reasons that follow, the Court will deny Plaintiff's Motion for Injunctive Relief.

## II. LAW & ANALYSIS

In his motion, Plaintiff argues that he is entitled to the return of his confiscated typewriter pursuant to the *Cain* Agreement and the 'grandfather clause' of MDOC Policy Directive 04.07.112, which states that "prisoners shall be permitted to keep a typewriter legitimately purchased prior to July 15, 2003 unless it requires an accessory that is no longer available for purchase, or a disk or diskette, to operate." Defendants contend that Plaintiff's typewriter was confiscated as contraband, thus he is not entitled to its return.

An injunction is an extraordinary remedy and the burden of proof rests upon the plaintiff. *Leary v. Deaschner*, 228 F.3d 729, 739 (6th Cir. 2000). In order to grant a permanent injunction, a plaintiff must satisfy a four-part test:

> (1) That the plaintiff has suffered an irreparable injury;
> (2) That there are no adequate remedies at law;
> (3) Considering the balancing of the hardships between the Plaintiff and Defendant, an injunction is warranted; and
> (4) That the public interest would not be disserved by a permanent injunction.

*eBay v. MercExchange*, 547 U.S. 388, 391 (2006). Additionally, in order to be entitled to post-trial injunctive relief, the plaintiff must be the prevailing party. *American Civil Liberties Union of Kentucky v. McCreary Cty.*, Ky., 607 F.3d 439, 445

(6th Cir. 2010)

The Court is without authority to grant Plaintiff's requested relief. Plaintiff did not succeed on his retaliation claim. Plaintiff is only eligible for the return of his typewriter if he had been successful in establishing his retaliation claim. *American Civil Liberties Union of Kentucky*, 607 F.3d at 445 ("[A] party is entitled to a permanent injunction if it can establish that it *suffered a constitutional violation* and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law.")(emphasis supplied).

Plaintiff cites to *eBay*, *supra*, in support of his request for post-trial injunctive relief, however Plaintiff fails to appreciate that the plaintiff in *eBay* was a "prevailing plaintiff." *eBay*, 547 U.S. at 391. Plaintiff also relies on a case from the Western District of Michigan, *Iswed v. Caruso*, No. 1:08-cv-1118, wherein the district judge awarded post-trial injunctive relief. In *Iswed*, the "jury found in favor of Mr. Iswed on the merits of his [First Amendment] claim . . . ." *See* Dkt. No. 116, Ex. 5. As such, *Iswed* is also unlike the circumstances before this Court because Plaintiff did not prevail in this matter.

In order to prevail on this retaliation claim, Plaintiff was required to show by a preponderance of the evidence that: (1) He engaged in protected conduct, (2) Defendants took an adverse action against the Plaintiff that would deter a person of

ordinary firmness from continuing to engage in the protected conduct and (3) a causal connection between elements one and two, that is the adverse action was motivated in substantial part by Plaintiff's constitutionally protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999); *Sowards v. Loudon, Cty., Tenn.*, 203 F.3d 426, 431 (6th Cir. 2000).

The first element of Plaintiff's retaliation claim was not in dispute. As to Defendant Holden, the jury found that she did not take any adverse action against Plaintiff. *See* Dkt. No. 113 at 1. Thus, Plaintiff was unable to establish the second or third elements of his retaliation claim against Defendant Holden. As to Defendant Cady, the jury found that Defendant Cady engaged in an adverse action against Plaintiff. *Id.* at 3. However, they also concluded that Plaintiff's protected conduct was not a substantial or motivating factor behind Defendant Cady's adverse action. *Id*. Thus, Plaintiff failed to succeed on the third element of his retaliation claim against Defendant Cady.

Because Plaintiff did not prevail on his retaliation claim against either Defendant, injunctive relief is unavailable to him. *American Civil Liberties Union of Kentucky*, 607 F.3d at 445; *eBay*, 547 U.S. at 391. Therefore, Plaintiff's arguments concerning the *Cain* agreement are irrelevant. The issue before this Court is whether Plaintiff succeeded on the merits of his retaliation claim. Since he failed in this

endeavor, he is not entitled to any relief--injunctive or otherwise.

Moreover, even if Plaintiff was the prevailing party, he has not demonstrated he is entitled to injunctive relief under the *eBay* factors. Plaintiff claims that he has been irreparably injured because he was improperly deprived of his typewriter. Contrary to Plaintiff's arguments, he did not conclusively establish at trial that he properly possessed the typewriter. Moreover, an Ingham County Circuit Court judge has also concluded strong evidence existed that Plaintiff did not have proper title to the typewriter. Plaintiff has not shown irreparable injury from the confiscation of a typewriter he has not shown he properly possessed.

Additionally, there are other typewriters available at MDOC correctional facilities. There was testimony during the trial from other prisoners who have witnessed Plaintiff using other typewriters. Because injunctive relief is an extraordinary remedy, the fact that Plaintiff is able to use other typewriters to work on his criminal appeal favors denying injunctive relief. Moreover, the burden on the MDOC will be greater if injunctive relief is granted because Plaintiff will be allowed to possess something that is deemed contraband under MDOC policy.

Lastly, even if Plaintiff had prevailed on his claim and established the *eBay* factors favored injunctive relief, the Court could not issue an injunction against the MDOC, a non-party to this action. *In re N.A.A.C.P. Special Contribution Fund*, Nos.

87-3366, 87-3673, 1988 U.S. Dist. LEXIS 8110, *6-7 (6th Cir. Jun. 13, 1988) ("[N]o court can make a decree which will bind any one but a party . . . ."); *Steans v. Combined Ins. Co. of Am.*, 148 F.3d 1266, 1271 (11th Cir. 1998)(same).

Accordingly, for the reasons articulated herein, the Plaintiff is not entitled to injunctive relief and his motion will be denied.

## III. CONCLUSION

Accordingly, Plaintiff's Motion for Injunctive Relief [#116] is DENIED.

SO ORDERED.

Dated: May 16, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of
record on
May 16, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk