UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS MACLIN,

    Plaintiff,

v.

Case No.: 12-cv-12480
Honorable Gershwin A. Drain

KELLY HOLDEN, *et al.*,

    Defendants.

_____/

**ORDER DENYING SECOND MOTION FOR RELIEF FROM JUDGMENT [#130] AND FINDING MOTION FOR THIRTY DAY STAY [#135] MOOT**

On November 4, 2015, this case proceeded to trial on Plaintiff's claim that Defendants retaliated against him for filing grievances and lawsuits related to his confinement at the MDOC. The jury reached a unanimous verdict concluding that Plaintiff did not establish the elements of his retaliation claim. Specifically, the jury found that Plaintiff failed in his burden to show that the Defendants' adverse action was a result of Plaintiff's protected activity.

Presently before the Court is Plaintiff's second motion for relief from judgment. Plaintiff moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), arguing that fraud was committed on the Court because Defendants submitted a fraudulent MDOC inventory receipt related to Plaintiff's

confiscated typewriter. Plaintiff also moves for a thirty day stay so that he can submit the relevant portions of the trial transcript that support his second motion for relief from judgment. Because Plaintiff has filed the applicable portions of the trial transcript, his motion for a thirty day stay is moot. For the reasons that follow, the Court will deny Plaintiff's second motion for relief from judgment.

A party can be relieved from a final order under Rule 60(b) based on fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). However, a motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. *See Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.).

Similar to Plaintiff's original motion for relief from judgment, Plaintiff's present motion rests on his perception that there was insufficient evidence to support the jury's verdict. Plaintiff continues to incorrectly argue that the issue before the jury was whether his typewriter was legitimately purchased or authorized under the *Cain* agreement. Even if Plaintiff established the legitimacy of his possession of the subject typewriter, this did not necessarily establish that Defendants undertook adverse action against him—confiscation of his typewriter-- because of his first amendment activity—grievance writing and suits against the MDOC and its employees.

Moreover, the jury was fully aware of the inconsistencies between the inventory receipt submitted by Plaintiff and the inventory receipt submitted by the Defendants. Notwithstanding this information, the jury concluded that Plaintiff could not establish his First Amendment retaliation claim. Plaintiff cannot establish that a fraud upon the Court occurred and that he is entitled to Rule 60(b) relief.

Accordingly, Plaintiff's second motion for relief from judgment [#130] is DENIED. Plaintiff's motion for a thirty day stay [#135] is MOOT.

Dated: February 23, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 23, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

3